State of Connecticut *v.* Nelson E. Carpenter, Jr.

Review Division of the Superior Court

Decided November 21, 1963

*Irwin I. Krug,* of Willimantic, for the defendant.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

BY THE DIVISION. On January 27, 1959, this defendant, then twenty-two years of age, appeared before the Superior Court in New London County and pleaded guilty to six counts of breaking and entering, for which he received an effective sentence of not less than two nor more than six years, with execution suspended, and two years probation. At that time defendant was serving a sentence in the Cheshire reformatory on charges of rape, breaking and entering, and theft, and was expecting parole. Thereafter, on October 27, 1959, defendant was again before the Superior Court in New London County, charged with the crime of theft from the person in violation of § 53-56 of the General Statutes. Pleading guilty to this charge, the matter was continued to November 3, 1959, for sentencing. The defendant failed to appear on November 3 and the court issued a bench warrant charging him in the second count with failure to appear according to bail bond in violation of § 53-154 of the General Statutes. Subsequent to his absconding from this state, defendant went to the state of Illinois, where he was arrested for serious crimes in that state, receiving a sentence to the prison in Joliet and serving more than three years in that institution. He was then returned to this state. On August 20, 1963, he was presented before the Superior Court in New London County on the charge of failure to appear according to bail bond, to which he pleaded guilty. At this time the court found that he was in violation of probation of the January, 1959, disposition, revoked the probation and reimposed the original sentence of two years to six years. The court then suspended sentence on the charge of failure to appear according to bail bond and

sentenced the accused on the theft from the person charge to not less than two and not more than four years, to run concurrently with the original sentence of January, 1959. The net result of these concurrent sentences was a total effective sentence of not less than two nor more than six years.

On the 19th and 22d days of March, 1958, defendant engaged in six separate offenses of breaking and entering private homes during the daylight hours in the towns of Sprague, Franklin, Lebanon and Lisbon in this state. On at least two occasions, the defendant made off with cash of less than $50. On September 12, 1959, the defendant, driving with a codefendant, gave a ride to a hitchhiker on route 95 in the town of Groton. Under threat of personal harm, defendant extorted $10 from the victim. On October 27, 1954, defendant was confined to the United States naval restraining command in Portsmouth, New Hampshire, for six months for being absent without leave; on July 8, 1955, he was charged with grand larceny and forgery in New York City and was remanded to the United States military authorities; on January 5, 1956, he was again confined to the naval command at Portsmouth, New Hampshire, by virtue of a court martial; on March 20, 1957, he was convicted of rape and committed to Cheshire reformatory, execution suspended; on March 24, 1958, he was convicted of rape, breaking and entering, and theft, and was committed to the Cheshire reformatory for an indefinite term.

At the hearing, defendant's main contention for a modification of the sentence was that his rehabilitation actually began in 1959 when he began to serve his sentence in Joliet, Illinois; that while there he was a model prisoner and completed his high school education and the equivalent of one

year of college; that he took part in a medical experiment which involved danger to himself; that he comes from a fine family and foolishly ran away in November, 1959; that it was unfortunate in that the last series of crimes were committed in different jurisdictions, for if that were not so the probability would be that the sentences for all offenses would have run concurrently.

It is true that when the accused was in prison at Joliet, he behaved himself well; that he advanced his education by completing his high school credits and took advance college courses leading to a degree; that he took part in a medical experiment which was a danger to himself. The function of this board is a limited one governed entirely by the statutes which created it. General Statutes §§ 51-194 —51-197. Its limited function is to determine upon review whether a particular sentence is appropriate considering the offenses involved, the accused and the public interest. This review board cannot substitute its discretion for that of the sentencing court. Furthermore, at no time has the defendant made any claim that the imposition by the sentencing judge in this case was improper. Undoubtedly the court took into consideration defendant's rehabilitation efforts at Joliet as above recited when it did not impose a prison term consecutive to the original sentence.

Considering the nature of the offenses, the prior record of the defendant and the circumstances here reviewed, the sentence imposed was fair and just and must stand.

BOGDANSKI, MEYERS and PASTORE, Js., participated in this decision.