[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-301617; Jack O'Donnell, Esq., Defense Counsel, for the Petitioner CT Page 8411 Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury petitioner was convicted of criminal attempt to commit assault in the first degree in violation of General Statutes Section 53a-49a(2) and 53a-59 (a)(1) and assault in the second degree in violation of Section 53a-60 (a)(2). A sentence of fourteen years execution suspended after nine years with five years probation was imposed on the first count and a concurrent sentence of five years was imposed on the second count. The net total sentence imposed was fourteen years execution suspended after nine years with five years probation.
The main thrust of the argument by petitioner's attorney was that at the time of the crime and when sentence was imposed petitioner was drug addicted and self-absorbed. It was argued that he has benefited from prison and that it is no longer necessary to keep him imprisoned.
Speaking on his own behalf petitioner stated that he tried to live a serious life. He regrets the assault on Tina Flowers and is sorry he caused her injury. He denies the attempted assault on Antoinette Russell. Petitioner expressed a desire to get out of prison and lead a normal productive life.
The state's attorney argued against modification. He stressed the importance of petitioner's prior conviction for robbery which involved a fire arm. He also stated that petitioner and the victim Russell were fortunate that the weapon failed to fire after petitioner pulled the trigger.
The function of this division is to determine whether a particular sentence is appropriate, considering the offenses alleged, the accused, and the public interest. State v. Carpenter, 25 Conn. Sup. 149 (1964) General Statutes Section 51-196; Conn. Practice Bk. Section 942. The division has no authority to relitigate matters of guilt or innocence or to consider rehabilitation and reformation of character since the imposition of sentence.
In this matter petitioner was convicted of serious crimes including the shooting, and attempted shooting, of human beings. He had a previous conviction which involved the use of a fire arm against a person. The sentence was well under the maximum prescribed by law. The sentence was not inappropriate or disproportionate and should not be modified.
Sentence affirmed. CT Page 8412
PURTILL, J. NORKO, J. STANLEY, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.